IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA T. KING                                                    PLAINTIFF

        v.                      Civil No. 2:11-cv-02216-JRM

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                   DEFENDANT

## ORDER ON MOTION FOR ATTORNEY'S FEES

### I.   Procedural Background

        Plaintiff, Joshua T. King, appealed the Commissioner's denial of benefits to this Court.

ECF No. 1.   On January 10, 2013, the undersigned remanded Plaintiff's case to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 11-12.  Plaintiff now

moves for a total of $3,497.40 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to

Justice Act ("EAJA"), requesting compensation for 20.10 attorney hours at an hourly rate of

$174.00 for work performed in 2011, 2012, and 2013, as well as $406.98 in costs and expenses.

ECF Nos. 13-14.   The Commissioner filed a timely response, objecting to: (a) .5 hours of

attorney time; and (b) Plaintiff's failure to properly label various costs and expenses.  ECF No.

16.

### II.   Applicable Law

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.   The burden is on the Commissioner to show substantial justification for

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for
Commissioner Michael J. Astrue as the defendant in this suit.

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the case, the undersigned finds that Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time

-2-

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996,* passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase

-3-

the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).

### III.   Discussion

Counsel requests attorney's fees at an hourly rate of $174.00 for work performed in 2011, 2012, and 2013. ECF No. 13, at 3-4. Counsel's requested rate is consistent with Amended General Order 39, which sets forth the maximum hourly rate for EAJA fees in the Western District of Arkansas. As such, the undersigned finds counsel is entitled to $174.00 for work performed in 2011, 2012, and 2013.

The court next addresses the number of hours counsel spent working on this case. Counsel requests a total of 20.10 attorney hours for work performed in 2011, 2012, and 2013. ECF No. 13, Ex. 3. The Commissioner objects to an entry on March 5, 2012, for .50 hours spent preparing and filing Plaintiff's Motion for Withdrawal of Motion. ECF No. 9. The Commissioner argues that this entry is not properly compensable at the government's expense. ECF No. 16, at 1-2. After reviewing the entry, the undersigned concludes that Plaintiff's counsel acted in good faith in seeking to introduce new and material evidence, and only withdrew his Motion to Supplement when he became aware that the additional records pertained to an injury which took place after the administrative decision. As such, the undersigned finds that the requested time is reasonable and will not penalize Counsel for acting on behalf of his client. Accordingly, the undersigned will award 20.10 attorney hours at an hourly rate of $174.00.

Plaintiff also seeks reimbursement of $406.98 for various costs and expenses. ECF No. 13, Ex. 4. The undersigned notes that Plaintiff did not properly itemize his list of costs and expenses; however, the undersigned finds that these entries are compensable under the EAJA.

-4-

*See* 28 U.S.C. § 1920; 28 U.S.C. § 2412; *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988). Additionally, the undersigned finds that $36.78 in expenses related to postage and $370.20 in costs related to filing and copies is reasonable.  As Plaintiff's counsel has now been apprised of the proper characterization of these fees, proper characterization should be used in the future to ensure a full award.

Based on the above, the court awards Plaintiff fees under the EAJA in the amount of $3,497.40 (20.10 attorney hours at an hourly rate of $174.00 for work performed in 2011, 2012, and 2013), plus $36.78 in expenses related to postage and $370.20 in costs related to filing and copies.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[2]  The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 27th day of March 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010).  Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.

AO72A
(Rev. 8/82)